

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 17, 2021

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Corey Collins*,
               21 Cr. 525 (LGS)

Dear Judge Schofield:

      The defendant in this case, Corey Collins, is scheduled to be sentenced on December 13, 2021, at 12:00 p.m.  For the reasons set forth below, the Government submits that a sentence below the Stipulated Guidelines Range of 12 to 18 months' imprisonment would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**I. Background**

    **A. Offense Conduct**

      As set forth in the presentence investigation report (the "PSR"), the defendant and his co-conspirators sold crack cocaine in the Bronx.  The defendant made a number of hand-to-hand sales to confidential sources.  Additionally, law enforcement intercepted calls where the defendant discussed making additional crack sales.  In total, Collins is being held responsible for selling between 5.6 grams but less than 11.2 grams of crack cocaine.

      On April 18, 2021, the defendant pleaded guilty to an information charging him with participating in a narcotics conspiracy.  The defendant pleaded guilty pursuant to a plea agreement that included a stipulation between the parties that the Guidelines range applicable to the defendant is 12 to 18 months' imprisonment (the "Stipulated Guidelines Range").

    **B. The Defendant's Criminal Conduct**

      As the PSR notes, the defendant has a prior narcotics conviction for which he was sentenced to 45 days' imprisonment.

## II. Discussion

### A. Applicable Law

As the Court is aware, the Guidelines still provide important guidance to the Court following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)  to afford adequate deterrence to criminal conduct;
> (C)  to protect the public from further crimes of the defendant; and
> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### B. A Below Guidelines Sentence Is Reasonable in This Case

The Government respectfully submits that a sentence below the stipulated Guidelines Range is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

As the Court may be aware, on June 22, 2021, the U.S. Department of Justice provided public testimony in support of the EQUAL Act, S.79. This proposed legislation would eliminate the powder-to-cocaine base sentencing disparity in 21 U.S.C. §§ 841 and 960. Although the Department supports elimination of the powder-to-cocaine base disparity, until legislation to that effect is passed, the current statutory and guidelines provisions remain in effect. In this case, the amount of cocaine base attributable to the defendant's criminal conduct is less than 11.2 grams, which results in a current base offense level of 13 and a current Guidelines sentencing range of 12 to 18 months' imprisonment, as set forth in the PSR. If the powder cocaine Guidelines were instead applied to the same amount of cocaine base, the base offense level would be 10, and the

Guidelines sentencing range would be 6 to 12 months' imprisonment.  The Court can and should, consistent with the law and current sentencing framework, consider the powder-to-cocaine base disparity in assessing the Section 3553(a) factors.  *See Kimbrough v. United States*, 552 U.S. 85, 106-08 (2007); *United States v. Cavera*, 550 F.3d 180, 191-92 (2d Cir. 2008) (en banc).  Based on consideration of the powder-to-cocaine base disparity and all the relevant factors under Section 3553(a) as set forth below, the Government believes a sentence below the current Guidelines sentencing range is appropriate.

Nonetheless, as set forth above, the defendant knowingly participated in a crack cocaine conspiracy.  Crack cocaine is a dangerous and addictive drug.  The defendant engaged in numerous sales of controlled substances for money in what was essentially an open-air drug market in the Bronx.  The defendant sold drugs in commercial establishments and the defendant's actions harmed the community he lived in.  Accordingly, a term of imprisonment, such as a sentence below the Stipulated Guidelines Range, is appropriate here to account for the seriousness of this conduct.

### III.  Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence below the Stipulated Guidelines, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/ _____
Peter J. Davis
Assistant United States Attorney
(212) 637-2468

cc:   counsel (by ECF)